BAENES, Presiding Judge,
dissenting.
I disagree with the majority’s decision to affirm the trial court’s finding that the officer in this case was entitled to reach into May’s *811 pocket and pull out contraband after ostensibly patting him down for weapons. Therefore, I respectfully dissent from the majority opinion.
“The right of the people to be secure in their persons .. . against unreasonable searches and seizures, shall not be violated.” U. S. Constitution, Fourth Amendment. That right is echoed in the Georgia Constitution, Ga. Const, of 1983, Art. I, Sec. I, Par. XIII. Our judicial system has sought to clarify the conditions under which governmental intrusion is allowed into our homes and our persons and when it is not. We have defined the three tiers of police-citizen encounters, and within those tiers, we have outlined the conditions under which an officer may lawfully put his hands on a citizen, absent a warrant or exigent circumstances. “[T]o proceed from a stop to a frisk, the police officer must reasonably suspect that the person stopped is armed and dangerous.” Arizona v. Johnson, 555 U. S. 323, 326-327 (129 SCt 781, 172 LE2d 694) (2009). If the officer feels an object whose contour or mass makes its identity apparent as a weapon or contraband, “[a] warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.” Minnesota v. Dickerson, 508 U. S. 366, 375-376 (II) (B) (113 SCt 2130, 124 LE2d 334) (1993).
The key is whether the incriminating character of the object in the suspect’s clothes was immediately apparent to the officer. In Dickerson, the Court agreed with the Minnesota Supreme Court’s conclusion that the police officer “overstepped the bounds of the ‘strictly circumscribed’ search for weapons allowed under [Terry v. Ohio, 392 U. S. 1, 26 (88 SCt 1868, 20 LE2d 889) (1968)],” when “the officer determined that the lump [of cocaine] was contraband only after squeezing, sliding and otherwise manipulating the contents of the defendant’s pocket — a pocket which the officer already knew contained no weapon.” (Citation and punctuation omitted.) Dickerson, 508 U. S. at 378 (III).
As in Dickerson, in this case, the officer’s testimony at the motions hearing establishes that he did not immediately identify the small amount of methamphetamine in May’s pocket when he patted May down for weapons. The trial court’s finding otherwise — that “the item’s contour and mass, without being otherwise manipulated, made its identity as contraband immediately apparent to [the officer] given his training and expertise” — is simply not supported by the officer’s testimony and the stipulations of fact agreed to hy the prosecution and defense.
The parties stipulated that the amount of methamphetamine in May’s pocket “weighed less than one gram,” and I take judicial notice of the fact that an ounce contains 28 grams. The officer testified that he felt “a little small bulge in [May’s] right front pocket” and could tell *812 as he “manipulated” the bulge with his open hand that it was a baggie with a hard substance in it. That is not a seizure supported by the “plain feel” doctrine and was not authorized by our federal or Georgia Constitution.
Decided November 20, 2015
David G. Williams, Jr., Philip E. Clark, for appellant.
Layla H. Zon, District Attorney, Ronald V. McNease, Assistant District Attorney, for appellee.
The rule of law applies equally to the State and the defendant in a criminal case, and affirming a conviction for possession of a controlled substance under these circumstances erodes public trust.
Public confidence in our system of justice is of utmost importance. The uniform application of established rules of law both within and outside the context of criminal trial proceedings engenders not only the public’s faith and trust in our system of justice, but also respect for and cooperation with the law.
State v. Thackston, 289 Ga. 412, 419 (716 SE2d 517) (2011) (Benham, J., concurring in part and dissenting in part).
For these reasons, I respectfully dissent from the majority opinion affirming this conviction.
I am authorized to state that Presiding Judge Phipps joins in this opinion.